Rudy, &c. v. Johnson, &c.

---

CASE 50—PETITION ORDINARY—NOVEMBER 12.

## Rudy, &c. v. Johnson, &c.

APPEAL FROM McLEAN CIRCUIT COURT.

1. TO ENTITLE AN OFFICER TO THE PROTECTION AFFORDED BY AN INDEMNIFYING BOND he must comply strictly with the conditions of the statute, that he shall have taken and returned the bond, and that the surety therein was good when accepted; and these duties must have been performed in the order of time prescribed by the statute. (Green v. Hackley, 3 Met. 386.)
2. *If the officer desires complete protection* he should require the execution of the bond before making the levy. The seizure of the property is of itself a trespass, and the claimant may institute an action at once.

    A bond taken after suit is commenced will not operate to defeat so much of the action as seeks a recovery for the damages incident to the seizure and detention up to the date of the bond.

3. *The bond is not required to be returned to the office before the officer proceeds to sell.* If it be returned with reasonable dispatch he will not lose the protection it was intended to afford him, even though the claimant institutes his action before it is returned.

What will amount to reasonable dispatch must depend upon the facts of the particular case; but a return on the day succeeding the sale ought to be regarded as legal diligence under any circumstances.

4. The officer may, if he sees proper, advertise a sale of the property and await the execution of the bond until the hour of sale has arrived, and if it be then executed he may proceed to sell, and return it to the proper office as soon thereafter as it can reasonably be returned, and may rely upon its execution and return as a bar to an action to recover the value of the property sold, and also as a bar to a recovery for damages for the seizure and detention of the property, unless the action was instituted before the bond was executed.

5. The moment an officer, acting under an execution, seizes the property of one not a defendant to the writ a cause of action arises against him, not only for the damages resulting from its seizure and detention, but for its value in case the claimant sees proper to treat the act of the officer as a conversion of the property seized, unless he has theretofore required and shall in due time return to the proper office a good bond of indemnity.

G. W. WILLIAMS,  }
J. C. JOHNSON,   }  . . . . . . . . For Appellants,

CITED

Freeman on Judgment, 2d ed. sec. 136.
4 Bush, 624, Carrington v. Herrin, &c.
7 Dana, 417, Carr, &c. v. Bob, &c.
10 Bush, 544, Joyes v. Hamilton.
15 B. Mon. 448, Gunn v. Gudehus.

G. A. PRENTICE,  }
L. W. GATES,     }  . . . . . . . . . For Appellees,

CITED

Civil Code, secs. 709, 711, 44.
3 Met. 389, Green v. Hackley.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

A. G. Johnson sued M. T. Robertson and J. A. Rudy (the latter being the sheriff of McLean County and the former his

deputy) for seizing and selling, under an execution in their hands in favor of one Robt. W. Payne and against one J. W. Johnson, certain personal property of which he claimed to be the owner.

The sheriff and his deputy denied that A. G. Johnson was the owner of the property so seized and sold. They also defended upon the further ground that after the seizure of the property they required the plaintiff in the execution to execute to them a bond of indemnity conditioned according to the provisions of section 709 of the Civil Code of Practice. They say that the sureties on said bond were good and solvent when they signed it, and that the bond was in due time returned to the clerk's office of the McLean Circuit Court.

The facts are, that the levy was made on the 24th of July, 1874; the bond of indemnity executed on the 16th of September, 1874; the property sold on the 28th; and the execution and bond returned to the clerk's office on the afternoon of the 29th of the same month.

On the last-named day, and before the return of the bond, the petition in this action was filed. The proof shows, however, that the plaintiff was at the time aware of its execution, and it may be safely inferred from his conduct that he desired to commence his action against these appellants before it was returned.

Upon these facts the court below instructed the jury that if they should find from the proof "that this action was brought before the bond of indemnity was executed and filed in the circuit court clerk's office in McLean county, and if the jury find from the proof that the property in contest was the property of the plaintiff, and the sheriff seized and sold said property against the will and consent of plaintiff, then the law is against defendant for the reasonable value of the property on the day of sale, and the jury will so find."

It refused to instruct that "should the jury find from the

VOL. XI—36

evidence that before the institution of this suit by plaintiff, on the 16th day of September, 1874, the defendant, Mark Robertson, had required a bond of indemnity from the plaintiff in the execution, under which the property in controversy was seized and sold, before he would sell same, and said plaintiff Payne had executed a good bond of indemnity before Robertson, which was properly tested and returned to the clerk's office of the McLean Circuit Court before the last day upon which said execution under which the levy was made, and the bond of indemnity might be lawfully returned to said office by said Robertson, then the law is for the defendants, and they will so find.'

These two propositions illustrate the principal question upon which the case turned, and it is for that purpose they have been stated at length.

The circuit court was evidently of the opinion that the time at which the bond of indemnity was taken and the date of its return, and that the appellee was apprised of the fact that it had been taken, and that the sureties therein were good and solvent, were indifferent and immaterial matters, in view of the further fact that the appellee had succeeded in having his petition filed before it actually was returned to the clerk's office. If such be the law the provisions of section 711 of the Civil Code are of very little value in the way either of protecting officers acting in good faith or in preventing "multiplicity and circuity of actions."

It is true, as was held by this court in the case of Green v. Hackley, 3 Metcalfe, 386, that the officer, to secure the protection of these provisions of the statute, must show a strict compliance on his part with the several conditions on which alone it is allowed, and that these conditions are that he shall have *taken* and *returned* the indemnifying bond and that the surety therein was good when accepted. But it is equally true that these duties must be performed in the order of time pre-

scribed by the statute, and that when so performed the officer will be protected.

If the officer desires complete protection he should require the execution of the bond before making the levy. The seizure of the property is of itself a trespass, and the claimant may institute an action at once, and a bond taken after suit is commenced will not operate to defeat so much of the action as seeks a recovery for the damages incident to its seizure, and its detention up to the date of the bond.

It was in this view that the opinion in Green v. Hackley was prepared, and when the reasoning of the court is confined to the facts of the case then before it for adjudication, it does not necessarily lead to the conclusion reached by the circuit judge.

When an officer deems it proper to demand indemnity, and the plaintiff in the execution executes to him a good and sufficient bond, he shall " thereupon . . proceed to subject the property to the execution, and shall return the indemnifying bond to the circuit court of the county in which the levy is made." (Civil Code, section 709.)

It can not be implied from this language that the bond is at all hazards and under all circumstances to be returned to the office before the officer proceeds to sell; nor that if he proceeds in the order of time prescribed by the Code in the discharge of his duties, and returns the bond to the office with reasonable dispatch, that he is to lose the protection it was intended to afford him merely because the claimant of the property may succeed in instituting his action before he can reasonably be expected to return it.

If the execution has been levied before the officer requires the bond to be given, and the plaintiff in the execution fails to execute it within a reasonable time, he may restore the property to the person from whose possession it was taken, and the levy will stand discharged. (Section 710.) He may,

if he sees proper, advertise a sale of the property and may await the execution of the bond until the hour of sale has arrived; and if it be then executed, he may proceed to sell and return it to the proper officer as soon thereafter as it can reasonably be returned, and may rely upon its execution and return as a bar to an action to recover the value of the property sold, and also as a bar to a recovery for damages for the seizure and detention of the property, unless the action was instituted before the date of the execution of the bond.

If the officer was required absolutely to return the bond as soon as taken it would in many cases tend to defeat a sale of the property. It is sometimes essential that he shall have possession of the bond at the time and place of the sale, in order to satisfy bidders that a solvent surety has undertaken to warrant to the purchaser such estate or interest in the property as may be sold.

What will amount to reasonable dispatch in the return of the bond must necessarily depend upon the facts of each particular case, but we are of opinion that the return on the day succeeding the sale ought to be regarded as legal diligence, under any circumstances. And a claimant who is apprised of the fact that a good bond has been executed, and still demands greater diligence than this, subjects himself to the suspicion that it is not indemnity alone, but indemnity coupled with the gratification of personal pique, that he desires. The courts will never, unless bound by the language of a statute, or by a clearly-defined rule of legal procedure, permit themselves to be used for the accomplishment of such an end. ·

The true rule deducible from the provisions of the Code relating to bonds of indemnity is, that the moment an officer acting under an execution seizes the property of one not a defendant to the writ, a cause of action arises against him, not only for the damages resulting from its seizure and detention, but for its value, in case the claimant sees proper to treat the

act of the officer as a conversion of the property seized, unless he has theretofore required, and shall in due time return to the proper office, a good bond of indemnity.

If he requires the bond after the seizure of the property, and makes due return thereof, he will thus wholly defeat any action that may be instituted against him after he has taken the bond; but if the claimant sues before the bond was taken its execution and return will defeat only so much of the action as seeks a recovery for the value of the property.

It was said in the case of Green v. Hackley that a bond taken before the sale, but after the commencement of the action, afforded no protection to the officer, even as to the value of the property seized and sold; but it must be borne in mind that in that case the officer did not content himself with the simple discharge of a supposed duty, but was guilty of personal violence to the claimant of the property, and acted, in making the levy, in a spirit of lawlessness and oppression.

Against the consequences of such action neither the execution under which he made the levy nor the bond of indemnity subsequently required would afford him protection. And, besides all this, it did not appear in that case, except from the answer, that the bond of indemnity had been returned at any time to the proper office.

The distinction between that and the present case is so clear that it need not be drawn by the court.

The instruction asked by appellants is not accurate in its statement of the law of the case, and the circuit court did not err in declining to give it; but the instruction given for the appellee, which we have herein quoted at length, is inconsistent with our construction of the various sections of the Civil Code of Practice relating to bonds of indemnity, and we are constrained to hold that the circuit court erred to the prejudice of the appellants in giving it.

We do not find in the record any other error, but as it is

evident the jury found against appellants for the value of the property sold, and also for the damages consequent upon its seizure and detention up to the date of the bond, the judgment is reversed and the cause remanded for a new trial upon principles consistent with this opinion.